Reuben Levy, J.
This is a motion to suppress evidence.
A police officer had obtained unverified information that an illegal card game was in progress in a private apartment. lie proceeded to the apartment and knocked at the door. To the female defendant, who opened the door, he did not disclose his identity as a police officer. Instead, he gave her an assumed name and told her that a supposed mutual acquaintance had directed him to the apartment. The female defendant questioned the officer and then, apparently satisfied that he was “ all right ”, admitted him. Once inside, the officer, after observing and participating in a card game, arrested the defendants and seized some playing cards.
*1085 The defendants have moved to suppress the evidence obtained by the officer in the apartment. The evidence comprises the officer’s observations as well as the playing cards. The defendants argue that the officer did not enter the apartment with their consent because he did not tell them he was an officer. They contend that he was a trespasser and accordingly that the evidence was illegally obtained.
It is my view that the officer was not a trespasser when he obtained the evidence. That the officer did not make known his true identity before being admitted did not affect his status as an invitee. In this area of law enforcement neither precedent, public policy, nor logic bars the use of deception to gain peaceable entry into a private habitation. Indeed, it is a compelling circumstance that without resort to such subterfuge it would be virtually impossible to penetrate the facade of respectability which hides such activities as gambling, prostitution, ABC violations, and narcotics. This is so, of course, because these criminal operations are conducted behind closed doors, and if police officers could not conceal their identities to gain entrance, the burden of gathering evidence would have to be sustained by the uncertain efforts of reluctant civilians.
It may be pointed out, parenthetically, that a search warrant would have been useless here, since the criminal activity, illegal card playing, would have stopped the moment the officer announced his authority and purpose. All that the warrant would have reached was an innocent deck of playing cards.
It has been recognized that the police, in order to obtain evidence, must at times use “ Artifice and stratagem ”, Sorrells v. United States (287 U. S. 435, 441 [1932]) and “ stealth and strategy ”, Sherman v. United States (356 U. S. 369, 372 [1958]). Of significance is the recent decision in Lopes v. United States (373 U. S. 427 [1963]) where a police officer carrying a concealed recording device gained entrance to the defendant’s private office by pretending to be amenable to the offer of a bribe. In that case, the court found that the officer had not invaded the defendant’s office, even though the officer had given a false reason for his presence there.
Directly in point is People v. Nunn (46 Cal. 2d 460). There the highest court of California, a pre-Mapp v. Ohio exclusionary State, upheld the conviction of a doctor who prescribed narcotics in his home as well as in his private office for a police officer posing as a narcotic addict.
The defendants were operating an illegal card game, open to anyone who could pass their screening test. The police officer evidently met the defendants’ requirements for entrance into *1086 their apartment. They accepted him as a card player whose participation would enable them to cut into (take a share of) every hand played. Thus, it must be held that the officer was in the premises with the defendants’ consent and that the challenged evidence was gathered without violating the defendants’ constitutional rights. The motion is denied.