Vincent P. Rao, J.
The defendants have moved for an order of the court suppressing all of the evidence seized in premises located at 256 East 49th Street, in the County of New York known as the Mystique Club.
The court having taken testimony on April 19 and 20, 1967 and having heard oral arguments of counsel, makes the following findings of fact:
1. The defendant Mystique Club was a private club on the dates of the seizures and arrests made by the arresting officers.
2. Officer Thomas Lane was on the premises as a trespasser when he made the searches and seizures.
3. The search made of the premises and the evidence seized upon the first visit of Officer Lane were the product of an illegal entry, i.e., a trespass.
4. The evidence seized herein following the arrest of defendant G-abree was seized when no probable cause existed and would normally be suppressed if the premises in question at 256 East 49th Street, in the County of New York, were a club open to the public.
The findings of fact set forth hereinabove were made after the court had evaluated the evidence adduced by the People and the defense and determined that the proof offered by the defendants preponderated.
Prior to the decision of People v. Malinsky (15 N Y 2d 86) the ultimate burden of proof to sustain the claimed illegality of the search and seizure was upon the defendant. (People v. Entrialgo, 14 N Y 2d 733; People v. Lombardi, 18 A D 2d 177, affd. 13 N Y 2d 1014.) These cases have been overruled by the decision in People v. Malinsky (15 N Y 2d 86, 91, footnote, supra) which has placed on the People the burden of establishing in the first instance “ that probable cause existed * * * in obtaining a search warrant and in sustaining the legality of a search made, without a warrant, as incident to an arrest.”
Once the People have sustained their burden, the burden then shifts to the defense who must preponderate over the People.
Officer Lane was trespassing on the premises when he entered the front door, having invaded the curtilage of the private premises even before resorting to subterfuge or stealth. As a result, the search and subsequent seizures were consequently unlawful. (Wong Sun v. United States, 371 U. S. 471.) The search and seizures and the observations made by Officer Lane followed an illegal entry and had not become so attenuated as to nullify the taint. (Wong Sun v. United States, supra.)
Even if the officer could be found to have entered through stealth or deception, I would be coasL'^ined to. grant the motion *492 to suppress. I have not been able to reconcile the holdings in People v. Lawery (43 Misc 2d 1084) and Gouled v. United States (255 U. S. 298).
Whether gaining entrance through device and fraud into private premises violates the constitutional rights of the defendant appears to be an open issue in this State. Although the holdings in People v. Lawery (supra) seem to justify the use of trick or device to gain access to a private dwelling because “ necessary for effective police work in enforcing illegal activities of an inherently secretive nature ”, nevertheless the opinion of the court in Gouled v. United States held to the contrary at pages 305 and 306 as follows:
“ The prohibition of the Fourth Amendment is against all unreasonable searches and seizures and for a Government officer to obtain entrance to a man’s house or office by force or by an illegal threat or show of force, amounting to coercion, and then to search for and seize his private papers would be an unreasonable and therefore a prohibited search and seizure, as it certainly would be, it is impossible to successfully contend that a like search and seizure would be a reasonable one if only admission were obtained by stealth instead of by force or coercion. The security and privacy of the home or office and of the papers of the owner would be as much invaded and the search and seizure would be as much against his will in the one case as in the other, and it must therefore be regarded as equally in violation of his constitutional rights.
‘ ‘ Without discussing them, we cannot doubt that such decisions as there are in conflict with this conclusion are unsound, and that, whether entrance to the home or office of a person suspected of crime be obtained by a representative of any branch or subdivision of the Government of the United States by stealth, or through social acquaintance, or in the guise of a business call, and whether the owner be present or not when he enters, any search and seizure subsequently and secretly made in his absence, falls within the scope of the prohibition of the Fourth Amendment, and therefore the answer to the first question must be in the affirmative.”
In People v. Laverne (14 N Y 2d 304) where a building inspector entered premises in the mistaken belief he had authority to do so by virtue of his position, the court found that his observations and search made in the premises without a warrant were unlawful.
I may have stressed this particular issue only because the People in their brief have dwelt upon the issue at length. However, this issue is not determinative of this motion since Officer *493 Lane’s initial entrance into the lobby was not accompanied by fraud or deception.
There were seizures of various items of personal property following the arrests made but these were also made when no probable cause existed. At the most, Officer Lane who by his own admission had little experience in this area of law enforcement, entertained only a suspicion that there were any illegal activities on the premises. The search in my opinion was general and made for the purpose of obtaining evidence without an accompanying arrest. Nor is the “ search made legal by what it turned up. In law it is good or bad when it starts and does not change character from its success.” (United States v. Di Re, 332 U. S. 581, 595.) The area searched following the arrests went beyond the incidence of the arrest and were exploratory in nature. (Gilbert v. United States, 291 F. 2d 586; Lee v. United States, 232 F. 2d 354.)
I therefore am constrained to grant the motion to suppress as to all defendants. All evidence seized by the arresting officer, together with the observations by him following his initial arrival at the premises occupied by the Mystique Club, Inc., is suppressed. This same ruling applies to the observations made by Officer Lane’s fellow officer.